IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TEAM TSI CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-cv-1099-TMP |
| ) | |
| U.S. RISK INSURANCE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This cause came before the court for hearing on the plaintiff's motion to stay this proceeding and to refer the dispute to arbitration, filed July 3, 2008. (Doc. 4). The defendant filed a response to the motion (Doc. 7), to which the plaintiff replied. (Doc. 10). The court conducted a hearing on the motion on August 12, 2008, and now determines that the motion to compel arbitration is due to be granted and this action dismissed.[1]

This case arises out of a contract entered into by the parties on December 20, 2007. In May 2008, defendant U.S. Risk notified plaintiff that it believed a critical provision it had negotiated in the contract had been omitted from the written contract. This provision would have allowed U.S. Risk to terminate the contract upon thirty days' notice. Instead, as written, the contract bound U.S. Risk for a period of three years. On May 16, 2008, plaintiff TSI filed a declaratory judgment action in the Circuit Court of Marshal County, Alabama, reciting the existence of the contract and certain provisions of it, and alleging that a justiciable dispute existed as to the terms of the contract.

---

[1] The parties have consented to the dispositive authority of the magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 8).

The declaratory judgment complaint, in addition to alleging the dispute about the ability to terminate the contract, asserted further that, although Section 14.15 of the contract provided for arbitration of any disputes involving the contract, it did not specify *where* the arbitration was to occur. The complaint asked the Marshal County Circuit Court to declare where the arbitration should occur, in the event an arbitral dispute arose. Defendant was served with the summons and complaint on May 23, 2008.

Eleven days after the complaint was filed, on March 27, 2008, U.S. Risk notified TSI that it was terminating the contract due to the omission of the provision authorizing termination on thirty days' notice. Within thirty days after service upon it, U.S. Risk removed the action from the state court to this court on June 20, 2008, simultaneously filing an answer and counterclaim alleging fraud and seeking reformation or rescission of the contract. Plaintiff filed its current motion to stay and compel arbitration on July 3, 2008.

Although TSI filed the initial declaratory judgment action in state court, it now seeks a stay for purposes of invoking the arbitration provision in the contract. Section 14.15 of the contract, captioned "Dispute Resolution," states the following:

> (a) If the Parties are unable informally to resolve a dispute involving this Agreement (individually and collectively, the "Dispute"), then the Dispute shall be referred to, and conclusively determined by, arbitration to be effected at such place as the Parties my agree in writing, in accordance with the rules of the American Arbitration Association existing at the date of submission; provided however, one (1) arbitrator shall be appointed by TSI and one (1) arbitrator shall be appointed by USR and the third (3rd) arbitrator shall be appointed by the other two (2) arbitrators.
>
> (b) The resolution of any Dispute by the arbitrators shall be (i) final and binding upon all parties; and (ii) non-appealable. Judgment on the arbitrators' award may be enforced in any court having jurisdiction over the Parties. The arbitrators shall promptly notify the Parties of their determination. Notwithstanding the

>foregoing, the Parties may each respectively appoint such additional attorneys, accountants, and agents to act in their stead before the arbitrators.  The prevailing Party in any Dispute that is submitted for resolution under this Section 14.15 shall be entitled to recover applicable fees (including, but not limited to, reasonable attorneys' fees and costs of accountants), costs and expenses from the other Party.
>
>>(c) The provisions of this Section 14.15 shall not preclude the Parties [sic] access to injunctive relief in a court of competent jurisdiction.

Although defendant U.S. Risk admits the existence of the arbitration provision in the contract, and that is a valid and binding provision that covers this dispute, it argues that TSI waived its right to invoke the arbitration provision by engaging in litigation contrary to the right to seek arbitration.  TSI has responded that not only has it not engaged in *substantial* litigation that would waive its arbitration rights, but U.S. Risk has not suffered any *substantial* prejudice as a right of whatever steps TSI has taken.

### A.  Waiver of Right to Arbitrate

The first question presented is whether TSI, by filing the declaratory judgment action in state court, has waived its right now to invoke the arbitration provision in the contract between the parties.  The Eleventh Circuit has written on this subject the following:

>[A]n agreement to arbitrate, "just like any other contract ..., may be waived." *See e.g., Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405, 407 (5th Cir. 1971).  In determining whether a party has waived its right to arbitrate, we have established a two-part test.  First, we decide if, "under the totality of the circumstances," the party "has acted inconsistently with the arbitration right," and, second, we look to see whether, by doing so, that party "has in some way prejudiced the other party." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted).

*Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal footnote omitted).  One way in which a party may act inconsistently with the arbitration right is by engaging substantially in litigation over a dispute subject to arbitration.  The court explained further in *Ivax,* "It is true that we have held that '[w]aiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate.'" Id. at 1316 (quoting and citing *Morewitz v. West of England Ship Owners Mutual Protective & Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995), and *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)("[A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate.")).

It is important to observe that every statement of the two-prong test cited in the cases above relies on the adverb "substantially" to quantify both the degree of litigation engaged in and the prejudice to the opposing party.  This is consistent with the federal policy favoring arbitration agreements.  As the Supreme Court stated in *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 22-23, 103 S.Ct. 927, 940-41, 74 L.Ed.2d 765 (1983), "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Thus, the assessment of the substantiality of litigation or prejudice to the opposing party must lean in favor of arbitrability absent a clear showing to the contrary.

The court concludes that TSI did not "substantially" invoke the litigation machinery in a way inconsistent with its right to seek arbitration.  First, Section 14.15(c) of the arbitration agreement between the parties allowed for the filing of actions seeking injunctive relief.  At the time TSI filed

4

its complaint in the Circuit Court of Marshal County, no breach in the agreement had occurred, and TSI did not allege any breach or seek any sort of legal relief.  Rather, TSI's complaint sought a declaration that the agreement was binding for three years and that any arbitration under the agreement had to occur in Marshal County.  Beyond filing and serving the complaint on the defendant, there is no indication that TSI "substantially" engaged in any other litigation.  Certainly, filing a complaint for a declaration of rights under the contract, as distinct from suing for damages, fits very closely to the injunctive-relief suits expressly anticipated and allowed by the agreement.  It cannot be said that seeking a declaration of the site of any arbitration that might occur is "inconsistent" with TSI's right to seek such an arbitration.  While this is an instance of one party to an arbitration agreement suing another, it is unlike those discussed in cases like *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507 (11th Cir. 1990), and *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268 (5th Cir.1977), where those parties evidenced a clear desire to forego arbitration.  Here, TSI appears to have been invoking the explicit "injunctive relief" provision in the arbitration agreement, rather than attempting to forego arbitration, and seeking guidance as to where arbitration was to occur.  The court does not believe that TSI's conduct evidenced an intent to waive arbitration.

  Furthermore, the court does not believe that U.S. Risk has been "substantially" prejudiced by the brief detour in state court.  No substantial litigation activities occurred there before the action was removed to this court.  Indeed, U.S. Risk never even filed an appearance in the Marshal County Circuit Court, other than giving notice to the court that the action was being removed.  Although defendant filed an answer and counterclaim in this court, TSI promptly sought arbitration less than two weeks after the removal.  Nothing of any substance has yet occurred in this court.  Although it is true that U.S. Risk spent about $6,000 removing the action from state court and filing its answer

5

and counterclaim here, the court does not believe that is what the court of appeals meant when it referred to "substantial" prejudice. Indeed, in each of the cases cited by the court of appeals in *Ivax*, much more litigation had occurred, time had passed and discovery had taken place, neither of which is true here. Thus, the court finds that the second prong of the waiver test — substantial prejudice to the party opposed to arbitration — has not been met.

### B. Dismissal of the Action

Although the plaintiff's motion seeks only a stay of this proceeding and a referral to arbitration, the court concludes that, upon compelling arbitration at TSI's request, there remains nothing to do in this action, and it is due to be dismissed. To the extent the declaratory judgment complaint removed to this court seeks a determination concerning the cancellation of the contract, that is precisely the issue the arbitration would address. It would not be for this court to decide that issue.

Further, insofar as the complaint seeks a determination of *where* the arbitration should be held, there is no indication of a dispute between the parties about that question. But even if there is controversy on this issue, it is an issue to be resolved as part of the arbitration. A declaration on the question of *where* the arbitration must occur requires a construction of the very agreement being considered in the arbitration, and for that reason, the court should defer to the arbitrators on this question as well. *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) (holding that it is not abuse of discretion to decline to exercise declaratory judgment jurisdiction over an issue pending in a parallel state-court action). The court will decline to exercise declaratory

judgment jurisdiction over an issue that may not be ripe, may not be a genuine issue, and which can be resolved in the arbitration process itself.

Having concluded that TSI has properly invoked arbitration and has not waived its right to do so, there is nothing left to do in this action. A stay would accomplish nothing, as the prevailing party in the arbitration must later seek judicial enforcement of the arbitral award in a separate action, perhaps in this court, but perhaps not.

By separate order the court will grant the plaintiff's motion to compel arbitration and will dismiss this action.

DONE this 10th day of December, 2008.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE